```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

ARMADILLO DISTRIBUTION
ENTERPRISES,INC., a
Florida Corporation

    Plaintiff,

v.                              Case No. 8:12-cv-1839-T-33EAJ

HAI YUN MUSICAL INSTRUMENTS
MANUFACTURE CO. LTD.,
a Chinese Corporation,

    Defendant.

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Hai Yun Musical Instruments Manufacture Co. LTD.'s, Motion to Set Aside Clerk's Default (Doc. # 19), filed on November 1, 2013. Plaintiff Armadillo Distribution Enterprises, Inc. filed a response in opposition to Hai Yun's Motion on November 11, 2013. (Doc. # 20). For the reasons stated below, this Court grants Hai Yun's Motion.

**I.**   **Factual Background**

Armadillo filed a complaint against Hai Yun on August 14, 2012. (Doc. # 1). This Court granted Armadillo two extensions of time to effect service on Hai Yun (Doc. ## 5,

7), and as a result, Armadillo had until September 15, 2013, to serve Hai Yun (Doc. # 7).

On September 17, 2013, Armadillo filed a motion requesting this Court stay the proceedings pending service on Hai Yun. (Doc. # 10). In its motion, Armadillo submitted, "Armadillo has made reasonable efforts to serve Hai Yun in accordance with the provisions of the Hague Convention. However, the nature of service of process on a Chinese entity is a slow and drawn out procedure, one . . . which Armadillo has no control over." (Id. at ¶ 7). On September 18, 2013, this Court granted Armadillo's motion and the case was stayed and administratively closed until March 18, 2014. (Doc. # 11). The Court further directed Armadillo to file a status report on or before December 17, 2013, regarding its efforts to effect service on Hai Yun. (Id.).

On October 18, 2013, Plaintiff filed a status report and stated as follows:

> On September 27, 2013, Armadillo was informed by Crowe Foreign Services that Crowe Foreign Services had received the Hague Certificate of Service from the Chinese Authorities. The Hague Certificate of Service states that Hai Yun was served on February 22, 2013. Unfortunately, the

> authorities provided no explanation for the delay in returning the Hague Certificate of Service.

(Doc. # 12 at ¶ 5). At that time, Armadillo requested this Court lift the stay so that, pursuant to Federal Rule of Civil Procedure 55(a), Armadillo could move for a Clerk's entry of default for Hai Yun's failure to plead or otherwise defend this case. (Id. at ¶ 6).

On October 21, 2013, this Court lifted the stay and re-opened the case. (Doc. # 15). On October 18, 2013, Armadillo filed a motion for entry of Clerk's default against Hai Yun (Doc. # 14), and the Clerk entered default against Hai Yun on October 22, 2013 (Doc. # 17).

On October 29, 2013, Jake C. Blanchard, counsel for Hai Yun, filed a notice of appearance of counsel. (Doc. # 18). Thereafter, on November 1, 2013, Hai Yun filed the present Motion to Set Aside Clerk's Default. (Doc. # 19). In its Motion, Hai Yun states:

> As noted in [Armadillo's] motion for entry of Clerk's default, [Armadillo] "only recently received notice from the Central Authority of China that Hai Yun had, in fact, been served on February 22, 2013."
>
> * * *
>
> While Hai Yun does not contest that service was perfected under the Hague Convention's procedures

3

>for service in China, Hai Yun, too, was unaware that it had been served until recently. Specifically, neither Hai Yun nor the undersigned counsel learned that Hai Yun had been served until they received [Armadillo's] motion for entry of Clerk's default and the Clerk's entry of default in this action.
>
>* * *
>
>Good cause for setting aside the Clerk's default exists, because . . . (1) Hai Yun did not willfully or culpably allow the default to be entered, and Hai Yun otherwise demonstrates excusable neglect, (2) Hai Yun acted promptly with the filing of this motion to set aside the Clerk's default, (3) [Armadillo] will not be prejudiced by the setting aside of the Clerk's default in this case, and (4) Hai Yun has a meritorious defense.

(Id. at ¶¶ 2-4).

## II. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). The Eleventh Circuit has explained that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

In determining whether good cause is shown for setting aside a Clerk's entry of default, courts generally evaluate the following factors: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

However, these factors are not exclusive, and courts have examined other factors including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id. at 951. Nonetheless, "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. at 951-52. Upon review of the Motion, the Court finds that good cause for setting aside the Clerk's entry of default has been established by Hai Yun.

**III. Discussion**

    **A. Culpable or Willful**

According to Hai Yun, its failure to timely respond to Armadillo's complaint was not culpable or willful. (Doc. # 19 at 3). In support of this contention, Hai Yun argues: (1) Armadillo was unaware that Hai Yun had been served on February 22, 2013, pursuant to the Hague Convention's procedures for service in China until only recently — September 27, 2013, and (2) "neither Hai Yun nor its counsel learned that service had been perfected on Hai Yun until [Armadillo] filed its motion for entry of clerk's default and such default was entered." (Id. at 1-3).

However, in its response, Armadillo posits that "Hai Yun possessed the [service documents] in ample time to prevent its own injury." (Doc. # 20 at 7). Specifically, Armadillo submits that "[t]he Hague Certificate of Service states that Hai Yun was served at its principal place of business in accordance with Chinese Law under Article 5(a) of the Hague Service Convention on February 22, 2013. The [C]ertificate further states that the Complaint and Summons were served on . . . Hu Hao, a staff member of Hai Yun, at its place of business." (Id. at ¶ 5). Therefore, "[m]inimal internal procedural safeguards could and should have been established which would have prevented the default from being entered," and "[t]he failure to establish such

6

minimum procedural safeguards . . . does not constitute excusable neglect that would entitle Hai Yun to a vacation of the Clerk's Default." (Id. at 7)(citing Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir. 1987)("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.")).

Throughout this action, Armadillo has advised this Court of the difficulties involved in perfecting service on a foreign entity. In its motion to stay, Armadillo stated "the nature of service of process on a Chinese entity is a slow and drawn out procedure, one . . . which Armadillo has no control over." (Doc. # 10 at ¶ 7). In fact, effectuating service on Hai Yun proved to be so difficult that Armadillo had to ask this Court for two extensions of time to do so, and was unaware that Hai Yun had been served on February 22, 2013, until September 27, 2013. (See Doc. ## 5, 7, 12). Only now does Armadillo downplay the difficulties associated with serving foreign entities, including the unexplained seven month delay between the date of service and the date of notification of service.

While it is undisputed that service was perfected under the Hague Convention on February 22, 2013, this Court finds that Hai Yun's failure to respond to Armadillo's complaint was not willful, and was indeed excusable, given the difficult nature of effecting service on a foreign entity and the unexplained delay in returning the Hague Certificate of Service in this case.

**B.     Prompt Response**

Furthermore, this Court finds that Hai Yun responded promptly after entry of Clerk's default. In light of the status report Armadillo filed on October 18, 2013 (Doc. # 12), this Court entered an Order lifting the stay of the case, and directed the Clerk to re-open the case (Doc. # 15). On October 18, 2013, Armadillo filed a motion for entry of Clerk's default against Hai Yun (Doc. # 14), and the Clerk entered default against Hai Yun on October 22, 2013 (Doc. # 17). Hai Yun filed the present Motion on November 1, 2013. (Doc. # 19). Given the quick turnaround of events, as outlined above, this Court finds that Hai Yun responded promptly after the entry of Clerk's default against it.

**C.     Prejudice**

In its Motion, Hai Yun contends that "[Armadillo] will not be prejudiced by the setting aside of the Clerk's default because the default was entered only a few days ago, and until just recently, [Armadillo] was unaware that Hai Yun had been served in China." (Doc. # 19 at 3). Armadillo has not provided this Court with evidence contradicting Hai Yun's position. Instead, Armadillo contends that "any alleged lack of prejudice to Armadillo cannot overcome Hai Yun's failure to present a meritorious defense and failure to show excusable neglect." (Doc. # 20 at 6).

Upon consideration, this Court finds that Armadillo will not suffer undue prejudice if the Clerk's default is set aside. Armadillo merely secured a Clerk's default, as opposed to a final default judgment, and the passage of time between the entry of Clerk's default and Hai Yun's Motion, ten days, does not warrant the drastic penalty of forever depriving Hai Yun of its ability to defend against this action.

### D. Meritorious Defense

In its response, Armadillo argues that Hai Yun has failed to allege facts supporting a meritorious defense.

9

(Doc. # 20 at 4). Specifically, "Hai Yun has not filed any responsive pleading. The only pleading filed is [Hai Yun's] Motion to Vacate Default which argues in one sentence that '[w]ith respect to the fourth factor, Hai Yun has meritorious defenses and seeks the opportunity to assert such defenses and litigate this case on the merits.'" (Id. at 5). "To establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." S.E.C. v. Simmons, 241 F. App'x 660, 664 (11th Cir. 2007). A general denial of the plaintiff's claims contained in an answer or another pleading is insufficient. Id.; see Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986).

In its Motion, Hai Yun has done nothing more than generally allege that it has meritorious defenses, and therefore has failed to make an affirmative showing of a defense that is likely to be successful. However, to the extent that Armadillo contends that Hai Yun's Motion should be denied for failure to assert a meritorious defense, this Court is not persuaded. The Court's determination of whether good cause exists does not hinge on this factor alone. As set forth above, in determining whether good

10

cause exists for setting aside a Clerk's entry of default, courts consider several factors, which include: (1) whether the default is culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. However, this list is not exhaustive; rather courts can consider any relevant factor in an effort to determine whether the circumstances warrant the finding of good cause to set aside the Clerk's entry of default.

In this case, the Court finds that the difficulties surrounding service on a foreign entity, the seven month delay in returning the Hague Certificate of Service, the prompt response to the entry of Clerk's default exhibited by Hai Yun, and the lack of undue prejudice Armadillo will endure if the Clerk's default is set aside, provide sufficient good cause to warrant setting aside the Clerk's entry of default.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Hai Yun Musical Instruments Manufacture Co. LTD.'s, Motion to Set Aside Clerk's Default (Doc. # 19) is **GRANTED.**

(2) The Clerk is directed to set aside the Clerk's Entry of Default (Doc. # 17).

(3) Defendant Hai Yun Musical Instruments Manufacture Co. LTD. shall file its response to Armadillo Distribution Enterprises, Inc.'s Complaint by December 4, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th of November, 2013.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record