UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARMADILLO DISTRIBUTION
ENTERPRISES, INC.,

    Plaintiff,

v.                          Case No. 8:12-cv-1839-T-33EAJ

HAI YUN MUSICAL INSTRUMENTS
MANUFACTURE CO. LTD.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff/Counterclaim-Defendant Armadillo Distribution Enterprises, Inc.'s Motion to Dismiss Counterclaim, or in the alternative, Motion for a More Definite Statement, filed on March 26, 2014. (Doc. # 41). Defendant/Counterclaim-Plaintiff Hai Yun Musical Instruments Manufacture Co. Ltd. filed a response in opposition to the Motion to Dismiss on April 14, 2014 (Doc. # 42), to which Armadillo filed a reply on April 29, 2014 (Doc. # 47). For the reasons stated below, and for the reasons stated at the hearing on June 13, 2014, the Court denies Armadillo's Motion.

**I. Background**

Hai Yun, a Chinese corporation that manufactures musical instruments, issued certain purchase orders between May 10, 2010, and November 22, 2010, to Armadillo, a musical instrument distributor headquartered in Tampa, Florida, for the manufacture of approximately 1,000 musical instrument drum kits. (Doc. # 38 at ¶¶ 68-69, 72). According to Hai Yun, Armadillo "gave significant input into the design and manufacture" of the sample drum kits, which Armadillo approved in January of 2011. (Id. at ¶¶ 74-76). After receiving approval, Hai Yun manufactured and delivered four (4) shipping containers to Armadillo's Tampa headquarters. (Id. at ¶ 76).

Upon receipt of the containers, Armadillo began distributing the drum kits to its retail outlet customers. (Id. at ¶ 78). According to Hai Yun, by the time Armadillo inspected and evaluated the drum kits on December 7, 2012, the drum kits "were adversely affected by the lack of aeration, temperature, and humidity inside Armadillo's warehouse." (Id. at ¶ 79). Hai Yun submits that prior to December of 2012, Armadillo had not given Hai Yun any notice regarding alleged defects in the drum kits. (Id. at ¶ 80).

Furthermore, according to Hai Yun, it has yet to receive payment for the delivered drum kits. (Id. at ¶ 81).

Hai Yun initiated a breach of contract action against Armadillo in China for failure to pay the amount owed for the drum kits pursuant to the purchase orders. (Id. at ¶ 82). According to Hai Yun, both parties appeared in the Chinese proceedings and were represented by counsel. (Id. at ¶¶ 83-84). Hai Yun provides that the Chinese court found in favor of Hai Yun and issued a judgment against Armadillo for the price of the drum kits pursuant to the purchase orders, as well as other damages. (Id. at ¶¶ 85-86).

Armadillo initiated this present action on August 14, 2012, alleging breach of contract as well as violations of the implied covenant of good faith and fair dealing, the express warranty under Fla. Stat. § 672.313, the implied warranty of merchantability pursuant to Fla. Stat. § 672.314, and the implied warranty of fitness for a particular purpose under Fla. Stat. § 672.315. (See generally Doc. # 1).

Hai Yun filed an Answer on December 4, 2013, asserting the affirmative defenses of waiver and setoff and presenting a counterclaim for breach of contract. (Doc. # 22). Armadillo answered Hai Yun's counterclaim, admitting in relevant part that the purchase orders served as a valid contract between

the parties and that Armadillo had yet to pay Hai Yun. (Doc. # 26 at ¶¶ 69, 76, 79).

Hai Yun amended its counterclaims on February 18, 2014. (Doc. # 33). Hai Yun subsequently filed an Amended Answer, Affirmative Defenses, and Amended Counterclaims on February 26, 2014. (Doc. # 38). In the operative responsive pleading, Hai Yun asserted the affirmative defenses of waiver, setoff, comity, collateral estoppel, and res judicata, and set forth two counterclaims: breach of contract (Count I), which mirrored the counterclaim that Hai Yun initially filed on December 4, 2013, and domestication of foreign money judgment (Count II). (Id.).

Armadillo filed the present Motion to Dismiss seeking dismissal of Hai Yun's counterclaims on March 26, 2014. (Doc. # 41). Hai Yun filed a response in opposition to the Motion to Dismiss on April 14, 2014 (Doc. # 42), to which Armadillo filed a reply on April 29, 2014 (Doc. # 47).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable

inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

### A. Count I: Breach of Contract

Armadillo contends that Hai Yun failed to sufficiently plead the necessary elements to establish a breach of contract claim. (Doc. # 41 at ¶ 2). Specifically, Armadillo argues that Hai Yun does not describe the specific purchase orders that constituted a valid contract, the details of the alleged contract, and basic information to identify the alleged contract. (Id. at ¶ 13). Armadillo claims that because it has a "long-standing business relationship over several years" with Hai Yun, it would be nearly impossible for Armadillo to determine which purchase orders are at issue in Hai Yun's breach of contract claim. (Id. at ¶ 15). According to Armadillo, Twombly and Iqbal provide a "heightened" pleading requirement in order to survive dismissal, and Hai Yun did not meet those requirements because its counterclaim contained "labels" and mere legal conclusions. (Doc. # 47 at 2-3) (citing Iqbal, 556 U.S. 662; Twombly, 550 U.S. 544).

Conversely, Hai Yun contends that it has sufficiently pled a breach of contract claim under Fed. R. Civ. P. 8 and Florida law. (Doc. # 42 at ¶ 4). Specifically, Hai Yun submits that it has alleged the existence of a contract, a breach of that contract resulting from Armadillo's failure to pay, and

6

damages exceeding $275,000 as a result of the breach. (Id. at ¶ 5) (citing Doc. # 38 at ¶¶ 72-76, 81, 95, 98, 100). Hai Yun further submits that it has alleged the time period of the purchase orders, the parties, each party's obligations, the failure of Armadillo to fulfill its obligations, and Hai Yun's resulting damages. (Doc. # 38 at ¶¶ 72-74, 76, 81, 96, 100).

Rule 8, even after Twombly and Iqbal, provides for a liberal pleading standard that requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8. To sufficiently plead a claim for breach of contract under Florida law, Hai Yun "must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1365 (M.D. Fla. 2007).

Taking the allegations as true, this Court finds that Hai Yun has alleged the existence of a contract — the purchase orders — that Armadillo breached the contract through failing to pay Hai Yun in accordance with the purchase orders, and that the damages from the breach exceeded $275,000. (Doc. # 42 at ¶ 5) (citing Doc. # 38 at ¶ 72-76, 81, 95-96, 98, 100). Accordingly, the Court finds that Hai Yun sufficiently pled its breach of contract claim to survive a Fed. R. Civ. P.

12(b)(6) motion to dismiss. Therefore, Armadillo's Motion is denied as to Count I.

**B. Count II: Domestication of Chinese Judgment**

Count II of Hai Yun's counterclaim seeks to domesticate the Chinese judgment pursuant to Fla. Stat. §§ 55.601-55.607, known as the Florida Uniform Out-of-Country Money-Judgment Recognition Act ("Act"), which states:

(1) **An out-of-country foreign judgment is not conclusive if:**
   a. **The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law.**
   b. The foreign court did not have personal jurisdiction over the defendant.
   c. The foreign court did not have jurisdiction over the subject matter.
(2) **An out-of-country foreign judgment need not be recognized if:**
   a. The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him or her to defend.
   b. The judgment was obtained by fraud.
   c. The cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state.
   d. The judgment conflicts with another final and conclusive order.
   e. The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question

8

        was to be settled otherwise than by proceedings in that court.
- f. In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.
- g. **The foreign jurisdiction where judgment was rendered would not give recognition to a similar judgment rendered in this state. . . .**

Fla. Stat. § 55.605 (emphasis added).

According to Fla. Stat. § 55.603, the Act "applies to any out-of-country foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal." Fla. Stat. § 55.603.

Armadillo seeks dismissal of Count II, claiming that the Chinese judgment does not satisfy the Act because (1) the Chinese court system lacks impartiality and due process protections, (2) the Chinese judgment is not final, and (3) China would be unlikely to recognize a similar judgment rendered in this State. (Doc. # 41 at ¶¶ 20, 24-34). Conversely, Hai Yun asserts that dismissal of Count II is not warranted because Armadillo has not satisfied its burden under Fla. Stat. §§ 55.603 and 55.605 to prove that any of the grounds for non-recognition of the Chinese judgment,

namely the lack of an impartial tribunal, finality, and reciprocity, are present here. (Doc. # 42 at ¶¶ 11, 17, 21). The Court will address each ground alleged by Armadillo in turn.

### 1. Impartiality

Armadillo asserts that this Court should not recognize the Chinese judgment because China's court system does not provide impartial tribunals or procedures that meet the requirements of due process of law as required by the Act. (Doc. # 41 at ¶ 20). Armadillo cites to Osorio v. Dole Food Co., 665 F. Supp. 2d 1307 (S.D. Fla. 2009), to support its proposition, contending that the Osorio court refused to recognize a Nicaraguan judgment after determining that Nicaragua lacked impartial tribunals by looking to the United States Department of State Country Reports on Nicaragua's civil law system. (Doc. # 47 at 5; Doc. # 41 at ¶¶ 21-23).

Similarly, Armadillo references the 2013 Country Report on Human Rights Practices ("Country Report") prepared by the United States Department of State to support its contention that China lacks "fair public tribunals" and "due process in judicial proceedings." (Doc. # 47 at 5; Doc. # 41 at ¶¶ 24-27). The excerpts of the Country Report, provided by

10

Armadillo, document issues regarding the lack of due process in the Chinese judicial system:

> [E]xecutions without due process . . . detention and harassment of lawyers . . . and others who sought to exercise peacefully their rights under the law; a lack of due process in judicial proceedings; political control of courts and judges; closed trials . . . widespread corruption . . . .

(Doc. # 41 at ¶ 26).

The excerpts also document issues regarding judicial power in China:

> The judiciary did not exercise judicial power independently . . . Judges regularly received political guidance on pending cases, including instructions on how to rule, from both the government and the CCP [Chinese Communist Party]. . . .

(Id. at ¶ 27).

The excerpts further discuss issues regarding judicial corruption:

> [C]orruption also influenced court decisions. Safeguards against judicial corruption were vague and poorly enforced. Local governments appoint and pay local court judges and, as a result, often exerted influence over the rulings of judges in their districts.

(Id.)

Armadillo also cites to the United States Department of State's U.S. Passports & International Travel Bureau of Consular Affairs' website to demonstrate that "because the

11

judicial branch in China is dominated by political forces, and in general, does not dispense impartial justice . . . the alleged Chinese judgment should not be recognized by this Court." (Id. at ¶¶ 28-29).

In response, Hai Yun points out that Armadillo cites no case law or evidence aside from the Country Report and the United States Passport & International Travel Bureau of Consular Affairs' warnings to support its assertion that the Chinese judgment "was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law." (Doc. # 42 at ¶ 11) (internal quotations omitted). Hai Yun outlines the process of the relevant Chinese proceedings, in which Armadillo appeared and defended itself, and cites multiple cases that recognize "the sufficiency of China's legal system and due process procedures," in the context of determining whether China presented an adequate forum in *forum non conveniens* actions. (See id. at ¶¶ 12-13) (citing e.g. Folex Golf Indus. v. China Shipbuilding Indus., No. CV09-2248-R, 2013 WL 1953628, at *5 (C.D. Cal. May 9, 2013) (concluding that the Chinese judgment was entitled to recognition because defendant received fair notice and had fair opportunity to

defend itself, and due to long-standing principles of international comity)).

In arguing that the Chinese proceeding afforded due process, Hai Yun largely relies on Hubei Gezhouba Sanlian Indus. Co., Ltd. v. Robinson Helicopter Co., Inc., No. 2:06-cv-01798-FMC-SSx, 2009 WL 2190187 (C.D. Cal. July 21, 2009), in which the court found that a Chinese proceeding was compliant with the requirements of due process of law because (1) a three judge panel reviewed the evidence presented at trial, considered the merits, and ruled separately on each claim, (2) the party not domiciled in China had 30 days to appeal the judgment or file a motion for extension of time to appeal, and (3) the judgment became "final, conclusive, and enforceable under [Chinese] law based on the nature of the [Chinese] Judgment and the exhaustion of the time period for appeal." See Robinson Helicopter, 2009 WL 2190187, at *4, 6-7.

Hai Yun also relies on Zschernig v. Miller, 389 U.S. 429 (1968) to support its proposition that the dispute between Armadillo and Hai Yun regarding the content of Chinese law and the impartiality of its judicial system is a question of fact that requires the presentation of evidence, and thus the counterclaim should be allowed to proceed. See Zschernig, 389

U.S. at 461 (Harlan, J., concurring)("When there is a dispute as to the content of foreign law, the court is required under the common law to treat the question as one of fact and to consider any evidence presented as to the actual administration of the foreign legal system."). Hai Yun also points out that Armadillo does not articulate any specific problems in the Chinese proceeding that would present a due process issue, but rather argues in general that China lacks an impartial justice system. (Doc. # 42 at ¶ 16).

At this juncture and upon review of the arguments provided by the parties, this Court finds that there is not enough information to determine the impartiality of the Chinese proceedings. The Court notes that many of the cases cited by Hai Yun determined the sufficiency of the Chinese court system under a *forum non conveniens* standard rather than a domestication standard, but these cases provide insightful verification of instances where the Chinese judicial system has been discussed, evaluated, and determined appropriate by United States federal courts. (See id. at ¶ 13).

Although the Country Report presented by Armadillo speaks generally about the Chinese judicial system, neither party presents any evidence in the pleadings to confirm or

14

dispute the existence of impartiality in this particular Chinese proceeding. Though Armadillo relies on Osorio to support its proposition that the Country Report should constitute sufficient evidence of a lack of impartiality, many other pieces of evidence supported the Osorio court's conclusion regarding the lack of impartiality in the Nicaraguan judicial system aside from the State Department's Country Reports, including reports from other sources and expert testimony as well as "United States government organizations and officials (including United States ambassadors to Nicaragua), foreign governments, international organizations, and credible Nicaraguan authorities." See Osorio, 665 F. Supp. 2d at 1349. Given the limited information that a court can review on a motion to dismiss, this Court finds that it lacks sufficient information to make any factual determinations regarding the impartiality of the relevant Chinese proceeding at this juncture.

### 2. Finality

Armadillo asserts that because the finality of the judgment is a prerequisite for recognition of a foreign money judgment under Fla. Stat. § 55.603, the Chinese judgment should not be enforced given that under Chinese Civil Procedure Law, "there is a procedure for retrying cases even

15

after they have gone to judgment." (Doc. # 41 at ¶¶ 30-31). According to Armadillo, under Chinese Civil Procedure Law, there is no equivalent to Fed. R. Civ. P. 59 or 60; the court can retry a case even after issuance of final judgment either on its own motion or "at the request of the procuratorate," a Chinese "state organ for legal supervision." (Id. at ¶¶ 31-32, n.1). Also, there is no specified time limit for retrial. (Id. at ¶ 32). Therefore, Armadillo argues that because the Chinese judgment is not final, conclusive and capable of enforcement in China, it cannot be domesticated by this Court. (Id. at ¶¶ 18, 30-32).

Hai Yun disputes Armadillo's proposition that the Chinese judgment is not final, conclusive, and enforceable by explaining that under Chinese law, Armadillo had the right to file an appeal of the Chinese judgment within thirty (30) days, but failed to do so, and thus, the Chinese judgment became final and enforceable. (Doc. # 42 at ¶ 17-20) (citing Robinson Helicopter, 2009 WL 2190187, at *5 (concluding that the Chinese judgment became final, conclusive, and enforceable under Chinese law for the purposes of the Uniform Foreign Money-Judgments Recognition Act when the defendant opposing domestication neither appealed nor requested an

16

extension of time to appeal the Chinese judgment in the required time frame)).

This Court finds it inappropriate at this stage to make a conclusion about the finality provided by the Chinese Civil Procedure Laws. Armadillo and Hai Yun disagree on the interpretation of the relevant Chinese Civil Procedure Laws in this case, and there is inadequate information in the pleadings to determine whether the ways in which a case can be retried after final judgment generate a recognition issue under Florida law. As previously mentioned, this Court is limited in the materials it can consider on a Motion to Dismiss, and as a result, the Court finds that ruling on the issue of finality is inappropriate at this time.

### 3. Reciprocity

Fla. Stat. § 55.605(2)(g) provides that "An out-of-country foreign judgment need not be recognized if . . . [t]he foreign jurisdiction where judgment was rendered would not give recognition to a similar judgment rendered in this state." Armadillo contends that because no reciprocity agreement currently exists between China and the United States, China would be unlikely to recognize a judgment of this State, and thus, the Chinese judgment need not be

17

recognized by this Court under Fla. Stat. § 55.605(2)(g). (Doc. # 41 at ¶¶ 33-34; See Doc. # 49).

Hai Yun submits, however, that Armadillo's determination that China would be unlikely to recognize a judgment rendered in the courts of this State is a "bald, unsupported assertion" that does not meet the burden of showing that Fla. Stat. § 55.605(2)(g) prohibits recognition of the Chinese judgment, especially given that reciprocity is a permissive rather than a mandatory ground for non-recognition. (Doc. # 42 at ¶¶ 21-23).

At this procedural juncture, this Court finds that the pleadings lack sufficient information to support a factual determination regarding the issue of reciprocity. Armadillo offers no support for its contention that China would be unlikely to recognize a judgment of this Court. Therefore, this Court will not make any findings as to this ground at this time. For the reasons stated above, Armadillo's Motion is denied as to Count II.

## IV. Conclusion

Upon due consideration, Armadillo's Motion to Dismiss as to Count I is denied as the Court finds that Hai Yun sufficiently pled its breach of contract claim. Armadillo's Motion to Dismiss as to Count II is also denied as the Court

18

determines that Hai Yun's domestication of Chinese judgment claim is adequately pled, and further finds that the factual dispute concerning whether the Chinese judgment is entitled to recognition under Florida Law constitutes an issue not proper for resolution on the present Motion to Dismiss.

Furthermore, as stated at the hearing on June 13, 2014, the parties have until July 3, 2014, to file an English translation of the Chinese judgment, and Armadillo has until July 14, 2014, to file its answer to Hai Yun's Amended Counterclaims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Armadillo Distribution Enterprises, Inc.'s Motion to Dismiss (Doc. # 41) is **DENIED.**

(2) The parties have until and including **July 3, 2014**, to file an English translation of the Chinese judgment.

(3) Armadillo Distribution Enterprises, Inc. has until and including **July 14, 2014,** to file an answer to Hai Yun Musical Instruments Manufacture Co. Ltd.'s Amended Counterclaims.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of June, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record